IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetria Andrea McElmurray, ) | Civil Action No.: 2:13-189-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Demetria Andrea McElmurray ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On January 3, 2014, the Magistrate Judge issued a Report and Recommendation in which she concluded that the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence. Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 15.) Plaintiff filed Objections on January 21, 2014. (ECF No. 17.) Commissioner filed a reply on February 7, 2014. (ECF No. 18.) For the reasons stated below, the court adopts the Report and Recommendation and affirms the Commissioner's decision.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff was twenty-four years old on her alleged disability onset date. (Tr. at 137, 141.) Plaintiff alleges disability due to a right hand laceration and migraines. (Tr. at 19, 65.) Plaintiff has past work experience as a spinner, cashier, utility worker, assembler, and creeler and has a twelfth grade education. (Tr. at 22, 37, 142.) Plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on May 29, 2009, and August 10, 2009, respectively. (Tr. at 17.) Plaintiff's application was denied initially and upon reconsideration. (Tr. at 17.) A hearing before an Administrative Law Judge ("ALJ") was held on April 29, 2011. (Tr. at 17.) The ALJ found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 17-23.) The Appeals Council denied Plaintiff's request for review (Tr. at 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on January 18, 2013. (ECF No. 1.)

II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 15 at 9.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court

is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

III.  PARTIES' RESPONSE

Plaintiff filed objections to the Report and Recommendation ("Objections") on January 21, 2014. (ECF No. 17.) Specifically, Plaintiff argues that the Magistrate Judge misinterpreted the vocational expert's testimony regarding special accommodation Plaintiff might require to perform unskilled sedentary or light work. The Commissioner filed a reply to Plaintiff's objections to the Report and Recommendation asking this Court to affirm the final administrative decision for the reasons set forth in the Commissioner's previous submissions to the Court. (ECF No. 18 at 1.)

IV.  DISCUSSION OF THE LAW

A.   STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th

Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

      B.     VOCATIONAL EXPERT'S TESTIMONY REGARDING ACCOMMODATION

Plaintiff's objection is a limited one—"the issue in this case concerns the Commissioner's consideration of accommodations the employer may provide when evaluating an application for disability benefits." (ECF No. 17 at 1.) At step five, the ALJ determines whether Plaintiff is able to perform jobs that exist in significant numbers in the national economy. As part of this inquiry, the ALJ heard vocational expert testimony and considered Plaintiff's age, education, work experience, and residual functional capacity ("RFC") to conclude that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 22.) Plaintiff

contends that these jobs can only be performed by Plaintiff with accommodation by the employer and that it was inappropriate for the ALJ to consider what might be an employer's reasonable accommodation. Defendant maintains that an ALJ may consider a vocational expert's testimony that certain limitations are, based on their vocational experience, generally accommodated in the marketplace.

The Court has reviewed Plaintiff's objection to the Magistrate Judge's understanding of the vocational expert's testimony and the Magistrate Judge's finding that the ALJ properly addressed the issue of accommodation. At Step Five, the ALJ must determine whether, considering a claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 42 U.S.C. § 423(d) (2)(A); 20 C.F.R. §§ 404.1569, 404.1569(a). At Step Five, the burden shifts to the Commissioner to "show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir.1983). The Commissioner may carry this burden by obtaining testimony from a vocational expert. *Id.* at 192.

It appears that Plaintiff challenges the ALJ's disability determination and reliance on the vocational expert's testimony. (ECF No. 17.) Plaintiff apparently argues that the testimony goes beyond what the ALJ is supposed to consider in evaluating a disability claim (ECF No. 17 at 3) and that the Magistrate Judge misinterpreted what the vocational expert said about his experience with accommodation of a person with limited use of their dominant hand. (ECF No. 17 at 7-8.) In hindsight, Plaintiff states that the hearing did not resolve all doubts about her ability to perform work as a cashier, inspector, or a day care worker. (ECF No. 17 at .8)

Both Plaintiff and Defendant agree that the ALJ should not consider testimony that assumes that an employer will make certain accommodations for a potential employee. (ECF No. 17 at 1-2.)

In order for a vocational expert's opinion testimony to be considered relevant or helpful, the opinion must be based upon a consideration of all the other evidence in the record and must be in response to hypothetical questions which fairly set out all of the plaintiff's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989).

Here, the ALJ properly found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform based on testimony from the vocational expert after the vocational expert considered Plaintiff's limitations by way of a hypothetical. (Tr. at 54-58.) Plaintiff's primary basis for seeking to reject the vocational expert's testimony was in response to a question posed by Plaintiff's counsel—counsel asked whether an employer would need to accommodate or retrain someone who had no use of their dominant hand. (Tr. at 59.) In brief, Plaintiff cites to *Eback v. Chater*, 94 F.3d 410, 412 (8th Cir.1996), to support her argument that the ALJ is supposed to reject testimony that assumes an employer will make accommodations for a claimant but the case is factually distinguishable. Further, in this case, neither the ALJ nor the vocational expert referred to any particular restriction, i.e., sit-stand option, that could be considered an accommodation.[2] In sum, there is no testimony in this case regarding any specific accommodation or employment scenario, only the vocational expert's general testimony about the treatment of a limitation in the labor market. Plaintiff's objections are without merit.

V.   CONCLUSION

After a thorough review of the record and facts of the instant case, the Court finds no error and no cause for remand in this matter. Substantial evidence supports the ALJ's decision. The Court concurs in the recommendation of the Magistrate Judge and adopts the Report and

---

[2]In his objections, Plaintiff admitted that an "'accommodation' that truly requires minimal change in work setting or procedures by the employer (such as a sit-stand option) may be fairly considered." (ECF No. 17 at 7.)

Recommendation and incorporates it herein by reference.  The decision of the Commissioner is

AFFIRMED.

    IT IS SO ORDERED.

                                       /s/ Mary G. Lewis
                                    United States District Judge

February 18, 2014
Spartanburg, South Carolina